IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

MACK TRIMBLE, JR.,           :
                                          :
                Petitioner      :
                                            :
VS.                             :
                                          :    CIVIL ACTION NO.: 7:11-CV-7 (HL)
MARTY ALLEN, Warden,      :
                                          :
                Respondent    :
_____:

## <u>ORDER</u>

      Petitioner **MACK TRIMBLE, JR.**, an inmate at Dodge State Prison in Chester, Georgia, has filed a petition for writ of habeas corpus under 28 U.S.C. §2241.[1]  Petitioner has paid the filing fee.

      Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4")[2] provides in relevant part:

> The original [habeas corpus] petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business.  The petition shall be examined promptly by the judge to whom it is assigned.  **If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge <u>shall</u> make an order for its summary dismissal and cause the petitioner to be notified.**  (emphasis added)

      Upon initial review of the petition filed herein, it clearly appears from the face of the petition that the Petitioner "is not entitled to relief in the district court." *Id*.

      Petitioner explains that he was found guilty of murder, aggravated assault, possession of a

---

[1] The Court notes that Petitioner used the form required for a petition brought under 28 U.S.C. § 2254.  However, he states that he is bringing the habeas corpus action under 28 U.S.C. § 2241. (R. at 4).

[2] Rule 4 may, pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, be applied to cases brought pursuant to 28 U.S.C. § 2241.  Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition "plainly reveals that relief is not warranted." ***Ugwu v. Holder***, No. 1:10-CV-03152, 2010 U.S. Dist. LEXIS 137438 at *1-2 (N. D. Ga. Nov. 29, 2010).

firearm during the commission of a crime, and possession of a firearm by a convicted felon in the Superior Court of Colquitt County on February 17, 2006. He states that he was sentenced to serve life plus fifteen (15) years on March 22, 2006. Petitioner states that he filed a Motion for New Trial in the Colquitt County Superior Court and that court granted the motion on October 15, 2009. The State of Georgia filed a motion requesting reconsideration and, following a hearing, the trial court denied the motion in an order dated November 11, 2009, which was filed on November 19, 2009. Petitioner states that the State filed a notice of appeal to the Supreme Court of Georgia on November 24, 2009.

Petitioner states that the Georgia Supreme Court dismissed the State's appeal on January 13, 2011 for failure to follow the proper procedure. (R. at 4). Therefore, it appears that Petitioner is currently in custody awaiting his new trial. Petitioner explains that on September 14, 2010, he was granted an appeal bond in the amount of $900,000.00.

Petitioner alleges that he is being illegally confined and makes various allegations. Specifically, he claims as follows: The Clerk of Colquitt County Superior Court has failed to perform several duties; "double jeopardy has attached" and he should not face a second trial; his original arrest warrant was invalid and probable cause did not exist to issue the arrest warrant; the affidavit on which the arrest warrant was issued was insufficient; and evidence was obtained in violation of the Fourth Amendment. Petitioner requests this Court to have "an order of '*nolle prosequi*' . . . entered to the pending charges" and "expediently release the Petitioner from under all custody and confinement of State and County prison/jail." In a separate document, Petitioner requests the Court to order his "expedient discharge and dismissal of all pending charges." (R. at 4).

Because Petitioner's previous conviction and sentence have been vacated and he has been granted a new trial, he is in custody as a pre-trial detainee and this case is governed by 28 U.S.C. § 2241. *See Pannell v. Prentiss County*, No. 1:09-CV-159 M-D, 2010 U.S. Dist. LEXIS 9745 at *3 (N. D. Miss. Feb. 4, 2010). In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484

(1973), the United States Supreme Court explained that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court" and a habeas petitioner may not interfere with "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id*. at 493. To determine whether a pre-trial detainee's claim is cognizable in a federal habeas corpus action, the district court must look to the relief sought. If a petitioner seeks to "dismiss an indictment or otherwise prevent a prosecution," the district court may not consider the habeas petition." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).[3] Alternatively, if a petitioner is merely seeking to "force the state to go to trial," he may seek this relief through a 28 U.S.C. § 2241 action, but "the requirement of exhaustion of state remedies still must be met" first. *Brown*, 530 F.2d at 1283.

In this case, Petitioner requests the Court to force the State to enter an order of *nolle prosequi* and release him from custody. Petitioner's request to dismiss the charges or prevent the State from prosecuting him "is not attainable through federal habeas corpus" absent a showing of special circumstances. *See Pannell*, 2010 U.S. Dist. LEXIS 9745 at *5 (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)). Federal courts will not interfere with ongoing state criminal proceedings "except under extraordinary circumstances." *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The Sixth Amendment right to a speedy trial is not a *per se* 'special circumstance'." *Pannell*, 2010 U.S. Dist. LEXIS 9745 at *5 (quoting *Dickerson v. State*, 816 F2d 220, 227 (5th Cir. 1987). Petitioner has not shown any special circumstances[4] to warrant disruption of the state's criminal judicial process in this case.

---

[3]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

[4]Petitioner claims that the Colquitt County Superior Court Clerk has failed to perform her ministerial functions and he has been prejudiced thereby. The Court notes that Petitioner has a 42 U.S.C. § 1983 action pending in this Court in which he makes the allegations. See Trimble v. Miller, et al., 7:11-CV-6 (HL). Petitioner also claims he is "experiencing a great deal of prejudice from the Superior Court of Colquitt County, and the relief . . . [he] seeks is very unlikely to be granted by the Superior Court." (R. at 4). These allegations do not constitute "special circumstances" for the purposes of federal habeas corpus relief.

Accordingly, the instant petition is hereby **DISMISSED** "with prejudice for failure to state a claim upon which relief can be granted." *See Pannell*, 2010 U.S. Dist. LEXIS 9745 at *6.[5]

**SO ORDERED**, this 17th day of February, 2011.

s/  *Hugh Lawson*_____
HUGH LAWSON
UNITED STATES DISTRICT COURT

lnb

---

[5]If Petitioner requests in state court that he be tried as soon as possible and the state court rejects this request and Petitioner goes on to exhaust his remedies at the state level, he may then seek to force the state to go to trial through a petition for a writ habeas corpus under 28 U.S.C. § 2241.